LINK v. HILL.
Ohio Supreme Court.
No. 20413. Decided Dec. 14, 1927.
Error to Hamilton Appeals.
Judgment reversed.

297. CONTRACTS—Implication that agreement to pay, upon sale of certain property, is agreement to pay within reasonable time, does not obtain where facts and circumstances preclude such intention.

ROBINSON, J.

The implication that an agreement to repay upon the sale of certain property is an agreement to repay within a reasonable time, without the sale of the property, does not obtain where the facts and circumstances relative to the entering into such agreement preclude the existence of any such intention on the part of the contracting parties at such time.
(Marshall, CJ., Allen, Kinkade and Matthias, JJ., concur. Day and Jones, JJ., dissent.)

———

STATE v. RUSKIN.
Ohio Supreme Court.
No. 20452. Decided Dec. 14, 1927.
Error to Cuyahoga Appeals.
Judgment reversed.

1120. SUBORNATION OF PERJURY—
1. Fact that person suborned was induced by accused to commit crime, may be shown by uncorroborated testimony of such person.

2. Must appear, beyond reasonable doubt, that alleged perjured testimony of person suborned was under oath duly and legally administered, and where evidence is sufficient to show authorized person administered, and witness, by unequivocal and present act, took obligation of oath, verdict of guilty will not be disturbed.

DAY, J.

1. In a prosecution for subornation of perjury, while there must be corroborative evidence as to the perjury of the person suborned, the fact that such person was induced by the accused to commit the crime may be shown by the uncorroborated testimony of the person suborned, if it satisfies the jury beyond a reasonable doubt.

2. In the trial of one accused of subornation of perjury, it must appear beyond the existence of a reasonable doubt that the alleged perjured testimony of the person suborned was under oath duly and legally administered; and where there is sufficient evidence to show that the oath was administered by a person authorized by law to administer oaths, under circumstances indicating that such witness by his unequivocal and present act took upon himself the obligation of an oath, a verdict of guilty based upon such conclusion will not be disturbed.
(Marshall, CJ., Allen, Kinkade, Robinson, Jones and Matthias, JJ., concur.)